# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CRAIG GOLDEN,<br>        Appellant, | DOCKET NUMBER<br>DE-0752-21-0235-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>        Agency. | DATE: July 19, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Craig Golden, Ogden, Utah, pro se.

Darrin K. Johns, Hill Air Force Base, Utah, for the agency.

### BEFORE

Cathy A. Harris, Vice Chair
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his constructive removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant resigned from his position as a Deputy Fire Chief with the Department of the Air Force, effective June 5, 2021. Initial Appeal File (IAF), Tab 1 at 1, 3, 9. He later filed a Board appeal alleging that his resignation was involuntary and was compelled by the agency unilaterally changing his retirement code and a "toxic and hostile working environment." *Id.* at 5, 9. He requested a hearing. *Id.* at 2.

¶3 The administrative judge issued an order instructing the appellant how to establish jurisdiction over his constructive adverse action appeal. IAF, Tab 3. The appellant submitted various documents in response to the jurisdictional order, including Standard Form 50s, leave and earnings statements, and Standard Form 3107s denoting his certified summary of Federal service. IAF, Tab 6. He did not provide a narrative explanation as to how these forms related to his alleged involuntary resignation. *Id.* After reviewing the record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding a hearing, concluding that the appellant had failed to nonfrivolously

allege that he had been subjected to an appealable adverse action. IAF, Tab 8, Initial Decision (ID). The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    An appellant's voluntary action, such as a resignation, is not generally appealable to the Board. *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 9 (2009). However, an involuntary resignation is equivalent to a constructive removal and is within the Board's jurisdiction. *Id.* To establish jurisdiction over a constructive adverse action claim, the appellant must show (1) that he lacked a meaningful choice in the matter and (2) that it was the agency's wrongful actions that deprived him of that choice. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013). If an employee claims that his resignation was coerced by the agency creating intolerable working conditions, the employee must show that a reasonable employee in his position would have found the working conditions so difficult or unpleasant that they would have felt compelled to resign. *Axsom*, 110 M.S.P.R. 605, ¶ 12. The Board will consider allegations of discrimination and reprisal insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). If the appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶5    In dismissing this appeal for lack of jurisdiction, the administrative judge considered the appellant's allegation that he disagreed with the agency's change in his retirement code and found that the appellant failed to make a nonfrivolous allegation of agency misinformation, deception, or coercion that could render his resignation involuntary. ID at 4-5; *see Vitale*, 107 M.S.P.R. 501, ¶ 19 (explaining

that one way to overcome the presumption of a voluntary resignation is to show that (1) the resignation was the product of misinformation or deception by the agency or (2) the resignation was the product of coercion by the agency). As to the allegation of a hostile work environment, the administrative judge found that the appellant's allegations were too vague to suggest working conditions that would compel a reasonable person to resign. ID at 5. We agree with these findings for the following reasons.

¶6        The appellant submitted a retirement application in 2020, and, after the agency informed him that he was ineligible for retirement, he submitted a resignation letter on May 28, 2021. IAF, Tab 1 at 5, 8-9. Although the appellant stated that he disagreed with the agency's determination regarding his entitlement to special retirement eligibility for firefighters, he did not allege that the agency provided him with misinformation or coerced his resignation. *Id.* Rather, the appellant stated that, after the agency denied his retirement application, it offered him the opportunity to return to duty. *Id.* at 9. The appellant has not alleged that he filed an appeal relating to his retirement eligibility or that exhaustion of that process would have been futile.[2] *See* 5 C.F.R. §§ 842.804(c), 842.807 (setting forth appellate procedures for retirement eligibility determinations for firefighters). Although the appellant may have preferred to retire rather than continue working, he has failed to nonfrivolously allege that he had no choice but to resign from employment and that it was the agency's wrongful conduct that deprived him of that choice. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (finding that the appellant failed to nonfrivolously allege an involuntary retirement when the appellant had options for contesting allegedly improper agency actions), *aff'd,* 469 F. App'x 852 (Fed.

---

[2] Under 5 C.F.R. § 842.807(a), the final decision of an "agency head" denying an individual's request for approval of a position as a rigorous, secondary, or air traffic controller position made under § 842.804(c) may be appealed to the Board. Such a request must be made "formally and in writing." 5 C.F.R. § 842.804(c). There does not appear to be such a final decision in the record before us. *See* IAF, Tab 7 at 6 n.2.

Cir. 2011); *see also Axsom*, 110 M.S.P.R. 605, ¶ 17 (finding that the appellant's resignation was not involuntary, in part, because he failed to prove that his discrimination complaints were being handled inequitably or that exhaustion of the equal employment opportunity process would have been futile).

¶7        We further agree with the administrative judge's finding that the appellant's allegations regarding an alleged hostile work environment are too vague to support a claim of constructive discharge.  ID at 5.  Before the administrative judge, the appellant asserted very few details about the alleged hostile work environment.  IAF, Tabs 1, 6.  The appellant stated that his leadership failed to take action in response to disclosures that he made during an Inspector General investigation and that he was not considered for promotions.  IAF, Tab 1 at 5. The appellant, however, did not explain how the agency's failure to take action in response to his disclosures created a hostile work environment.  *Id.*  Regarding the appellant's claim that he was not selected for unspecified promotions, possibly dating back to 2016, we find that this allegation is too vague to support a nonfrivolous allegation that his resignation was coerced.  *Id.*  To the extent the appellant claimed that the alleged nonselection was retaliatory based on alleged whistleblower activity, he did not allege that he filed a whistleblower reprisal complaint or that doing so would have been futile.  *See Brown*, 115 M.S.P.R. 609, ¶ 15; *Axsom*, 110 M.S.P.R. 605, ¶ 17.  To the extent that the appellant considered the agency's conduct to be retaliatory, he did not explain how the alleged retaliation made his working conditions so intolerable that a reasonable person in his position would have felt compelled to resign.

¶8        On review, the appellant alleges further details regarding the alleged hostile work environment and suggests the possibility of a potential whistleblower reprisal claim.  PFR File, Tab 1 at 4-7.  He also attaches four letters from coworkers, which he alleges support his claimed involuntary resignation. *Id.* at 8-13.  The Board generally will not consider evidence or argument submitted for the first time with a petition for review absent a showing that it was

unavailable before the record was closed before the administrative judge despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980); 5 C.F.R. § 1201.115(d). The appellant has not made such a showing. Regarding the potential whistleblower reprisal claim, the administrative judge noted that the appellant disavowed filing a complaint with the Office of Special Counsel (OSC), which is a prerequisite to seeking corrective action from the Board in an individual right of action (IRA) appeal. ID at 4 n.5; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). We agree. IAF, Tab 1 at 4. However, we note that nothing in this decision resolves whether the appellant could establish jurisdiction over a later IRA appeal should the appellant exhaust those claims with OSC. For the foregoing reasons, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.